IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Maria Jimenez and Jose Jimenez, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 22 C 2924 |
| | ) | |
| Stephen Kiefer, | ) | |
| | ) | |
| Defendant | ) | |
| and | ) | |
| | ) | |
| Travelers Commercial Insurance Company, | ) | |
| | ) | |
| Citation Respondent. | ) | |

## Memorandum Opinion and Order

These citation proceedings are before me on removal from the Circuit Court of Cook County pursuant to 28 USC §1441(a) and 28 U.S.C. §1332. The notice of removal states that in the underlying action, *Maria Jimenez and Jose Jimenez v. Stephen Kiefer* Case No. 21 L 002676 (the "*Jimenez* case"), plaintiffs sued Stephen Kiefer for personal injury and loss of consortium after the vehicle Kiefer was driving struck a Pace bus in which Maria was a passenger. At the time of the accident, Kiefer was insured under a policy issued

1

by Travelers, which limited liability for bodily injury to $100,000 per person.

Plaintiffs obtained a consent judgment against Kiefer in the amount of $600,000 on March 31, 2022, pursuant to an "Assignment and Covenant not to Execute," to which Travelers—which had assumed Kiefer's defense—did not object. That agreement provided that plaintiffs would not execute the judgment against Kiefer personally in exchange for Kiefer's assignment of all rights he may have against Travelers. Additionally, plaintiffs undertook to "actively pursue the claims received by assignment from defendant Stephen Kiefer against Travelers Insurance, and the plaintiffs will enter a satisfaction of said Consent Judgment or Stipulated Judgment upon the conclusion of plaintiffs' actions or claims against Travelers Insurance, whether concluded by settlement or judgment." Def.'s Resp., ECF 14 at Exh. I. Kiefer, in exchange, promised to "cooperate[] with them in the prosecution of any such claim, demand or cause of action against Travelers Insurance Company." *Id*.

Thereafter, plaintiffs served Travelers with a "Citation to Discover Assets to Third Party" pursuant to 735 ILCS 5/2-1402, which authorizes a judgment creditor "to prosecute citations to discover assets for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from the enforcement of the judgment." Accompanying the

citation was "Plaintiff's First Request for Production of Documents," which seeks, "documents and communications...all regarding Plaintiff's offer of settlement; all regarding any commitment by [Travelers] to protect [Kiefer] from any excess judgment; and all relied upon by [Travelers] to refuse Plaintiff's offer of settlement within the Policy limits." ECF 2-1 at 4-5.

Travelers removed the proceedings pursuant to § 1441(a) on the ground that they satisfy the requirements of 28 U.S.C. § 1332 and are statutorily eligible for removal because they present a controversy separate and independent from the *Jimenez* case. Plaintiffs move to remand, arguing that the citation proceedings are ancillary to the state case and thus not removable under § 1441 and that complete diversity between the parties is lacking. For the reasons that follow, I deny the motion.

"In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012). While all agree that the amount in controversy exceeds the jurisdictional minimum, the parties dispute whether the parties are completely diverse for purposes of § 1332, given that both plaintiffs and Kiefer are Illinois citizens. It is true that Illinois citizens appear on both sides of the "v." in the case caption. But Travelers argues that because Kiefer assigned all of his rights against it to plaintiffs in the Assignment and Covenant Not to Execute, he is

3

merely a nominal party whose presence does not destroy complete diversity. Alternatively, Travelers contends, to the extent Kiefer has an interest in the citation proceedings, his interest aligns with plaintiffs', so he should be realigned with them for diversity purposes.

Plaintiffs articulate a handful of reasons for considering Kiefer to be more than a nominal party, such as the likelihood that his credit rating is affected by the judgment against him and the hypothetical possibility that he could object to the citation proceedings. But in this circuit, "[a] nominal defendant is 'someone against whom [plaintiff] does not seek relief,' ... or 'if there is no reasonable basis for predicting that it will be held liable,' *Samori v. Ralphs Grocery Co.*, No. 1:20-CV-02001, 2021 WL 1212798, at *5 (N.D. Ill. Mar. 31, 2021) (quoting *R.C. Wegman Const. Co. v. Admiral Ins. Co.*, 629 F.3d 724, 726 (7th Cir. 2011), and *GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 631 (7th Cir. 2013)) (alterations in *Samori*), and Kiefer fits that bill. Moreover, once Kiefer assigned to plaintiffs any claims he might have had against Travelers in exchange for his cooperation in plaintiffs' pursuit of those claims as his assignees and their promise not to execute the judgment against him personally, his interests in the outcome of these proceedings became aligned with plaintiffs'. *See Am. Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 151 (7th Cir. 1981) ("[r]ealignment is proper where there is

4

no actual, substantial conflict between the parties that would justify placing them on opposite sides of the lawsuit."). Regardless of whether the real parties in interest are plaintiffs and Travelers only, or whether they are plaintiffs and Kiefer on one side and Travelers on the other, the result is the same: the adverse parties are completely diverse, and my jurisdiction is secure.

On to the statutory requirements for removal. "Section 1441 permits removal of 'civil action[s] brought in a State court' over which federal district courts 'have original jurisdiction.'" *Good*, 689 F.3d at 724 (quoting 28 U.S.C. § 1441(a)). For reasons just explained, these proceedings are within my original jurisdiction and thus removable. Plaintiffs contend that removal is nevertheless inappropriate because Kiefer did not join the removal notice and because removal is barred by the forum defendant rule. But the removal statute does not require the consent of a nominal defendant, *see*, e.g., *R.C. Wegman,* 629 F.3d at 726, nor does the presence of such a defendant trigger the forum defendant rule, *see GE Betz,* 718 F.3d at 631. Alternatively, if Kiefer is realigned with plaintiffs, their arguments naturally go nowhere.

A closer question is whether the citation proceedings are sufficiently independent of the *Jimenez* case to amount to a separate controversy. Plaintiffs insist that they are "nothing more than a continuation of" the *Jimenez* case. Reply, ECF 15 at 1.

5

As the Seventh Circuit explained in *Good*, the removal statute "has long been interpreted to allow removal only of 'independent suits' but not ancillary or 'supplementary' proceedings." 689 F.3d at 724. (citing *Federal Sav. & Loan Ins. Corp. v. Quinn*, 419 F.2d 1014, 1018 (7th Cir. 1969) and *Barrow v. Hunton*, 99 U.S. 80, 83 (1878)). This is a "prudential doctrine [that] seeks to avoid the waste of having federal courts entertain 'satellite elements' of pending state suits and judgments." *Id.* at 724 (quoting *Armistead v. C & M Transp., Inc.*, 49 F.3d 43, 46 (1st Cir.1995)) (cleaned up).[1]

Although "[t]here is no bright-line formula for separating supplemental and independent proceedings for removal purposes," *Rizvi v. Allstate Corp.*, 833 F.3d 724, 727 (7th Cir. 2016), in general, "where the supplemental proceeding is not merely a mode of execution or relief, but where it, in fact, involves an independent controversy with some new and different party, it may be removed into the federal court." *Good*, 689 F.3d at 724 (quoting *Buford v. Strother*, 10 F. 406, 409 (C.C.D. Iowa 1881)). Illinois citation proceedings may fall into either category, *see id.*, and

---

[1] I use "(cleaned up)" to indicate that internal quotation marks, alterations, and the like have been omitted from quotations. *See* Jack Metzler, *Cleaned Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017); *Grandinetti v. Uber Techs., Inc.*, 476 F. Supp. 3d 747, 751 at n. 1 (N.D. Ill. 2020).

the parties hotly dispute which bucket is most appropriate for the proceedings here.

By plaintiffs' lights, their citation to Travelers is merely a form of discovery intended "to find out if Travelers holds some property of Kiefer." Reply, ECF 15 at 1. But Travelers has already filed a certified answer stating that it does not hold any property belonging to Kiefer. Answer, ECF 13. Nevertheless, plaintiffs insist that the proceedings are "not seeking to establish that Travelers is wrong in its assertion that it holds none of Kiefer['s] assets." *Id*. at 2. Implicit in this disavowal is plaintiffs' acknowledgement that a claim that Travelers "is lying— that, contrary to its declaration in the record, [Travelers] is holding [Kiefer's] assets in the form of unpaid insurance proceeds," is sufficiently independent from the *Jimenez* case to be removable. *See Rizvi* 833 F.3d at 726. And indeed, plaintiffs recognize that a bad faith action they may bring as Kiefer's assignees, such as a claim for breach of the duty to settle, "would be an independent action that may be removable." Reply, ECF 15 at 4. Plaintiffs maintain, however, that because they are "not yet at that stage," the action must remain in state court.

"Whether a particular state judicial procedure qualifies as an independent action is not an all-or-nothing proposition. It depends on the context of each case in which it arises." *Good*, 689 F.3d at 724. Moreover, "the removal statute allows a little play

7

in the joints when it may not be apparent at the outset that a proceeding can be removed." *Id.* at 725. What matters is not how the proceedings are labeled but the nature of the relief they seek. *See GE Betz*, 718 F.3d 626 ("[a]lthough formally titled as a citation action to discover assets, this case is, at bottom, an enforcement action to collect a money judgment."). To "separat[e] the independent and removable sheep from the ancillary and nonremovable goats," *Good*, 689 F.3d at 724, I look to state law and consider "the specifics of an Illinois citation action," *GE Betz,* 718 at 626-27.

Plaintiffs contend that their citation proceeds under § 5/2-1402(c)(3), "which applies when the third party is holding the debtor's assets (in a bank account, for example)[.]" *Rizvi v. Allstate Corp.*, 833 F.3d 724, 726 (7th Cir. 2016). In Travelers' view, by contrast, the citation is governed by § 5/2-1402(c)(6), "which applies when the third party *may* be indebted to the debtor and allows the judgment creditor to maintain a separate action on that basis." *Id.* (emphasis in original). Plaintiffs insist that "[t]here are no facts pleaded by Jimenez that make that claim" (i.e., that Travelers is indebted to Kiefer), and they argue that as the "masters of their claims," they are entitled to determine the scope of the relief they seek and the statutory section under which they proceed. Reply, ECF 15 at 2, 4.

The trouble with this argument is that it ignores the reality of who the parties are, what plaintiffs are seeking in these proceedings, and the history of their prior dealings. Travelers is not a bank that plaintiffs believe may be holding funds belonging to Kiefer (as in *Rizvi*'s example above), and plaintiffs suggest no reason to believe that Travelers might be holding any property or assets belonging to Kiefer other than his potential claims against Travelers based on Travelers' handling of the *Jimenez* settlement. As noted, Travelers has already filed a certified answer confirming that it *does not* hold any assets of Kiefer's. *See* ECF 13. Plaintiffs contend that Travelers' answer "is incomplete in that it failed to produce requested documents," Reply, ECF 15 at 2, but this argument only reinforces that what plaintiffs are *really* after is not discovery to determine whether Travelers is holding some liquidated asset of Kiefer's, but rather evidence to support a claim that Travelers breached some duty to Kiefer in conjunction with the *Jimenez* settlement.

Recall that plaintiffs' discovery request seeks "documents and communications...all regarding Plaintiff's offer of settlement; all regarding any commitment by [Travelers] to protect [Kiefer] from any excess judgment; and all relied upon by [Travelers] to refuse Plaintiff's offer of settlement within the Policy limits." ECF 2-1 at 4-5. These materials have no apparent relevance to the personal injury and loss of consortium claims

9

they asserted in *Jimenez,* but they are precisely the kinds of materials plaintiffs need to establish a claim of bad faith against Travelers. Accordingly, the document request accompanying plaintiffs' citation supports Travelers' argument that the proceedings fall within the realm of § 5/2-1402(c)(6), and are thus removable. *See Rizvi,* 833 F.3d at 726-27.

Moreover, it is not as though the citation was issued on a clean slate. As part of the Assignment and Covenant Not to Execute, plaintiffs promised to "actively pursue the claims received by assignment from defendant Stephen Kiefer against Travelers Insurance." Resp., ECF 14, Exh. I at 2. The citation proceedings are a natural and necessary step toward fulfilling this promise. Indeed, plaintiffs' assertion that they are "not yet" at the stage of pursuing these claims tacitly acknowledges that a removable, independent controversy is on the horizon. What sense would it make to remand these proceedings, only to have them return to federal court once plaintiffs explicitly articulate the claims that are clearly implied in the citation and accompanying discovery request, and that everyone knows are coming? Given that judicial economy is the interest underlying the statutory rule against the removal "ancillary" proceedings over which federal courts otherwise have jurisdiction, *see Good*, 689 F.3d at 724, the answer is "none."

Plaintiffs suggest that adjudicating Travelers' defenses at this juncture would "turn procedural and substantive due process on its head." Reply, ECF 15 at 3. But Illinois law expressly contemplates that "an insurer and third-party citation respondent may litigate any proper defense to recovery under the policy" in the context of citation proceedings. *See Stonecrafters, Inc. v. Wholesale Life Ins. Brokerage, Inc.*, 915 N.E.2d 51, 57 (Ill. App. Ct. 2009) (citing *Second New Haven Bank v. Kobrite, Inc.*, 86 408 N.E.2d 369, 371 (Ill. App. Ct. 1980)). At all events, plaintiffs' supposed due process concerns are not supported by any authority and are directed specifically to Travelers' anticipated motion for summary judgment. But that motion is not before me. Travelers' motion for leave to file for summary judgment is currently pending, and plaintiffs may raise appropriate arguments in response. The issue before me at this juncture is only whether remand of the citation proceedings is necessary or appropriate. For the reasons explained above, I conclude that the answer is no. Plaintiffs' motion is denied.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: August 22, 2022

11